PECK, MAG

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/24/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

ROBERT CARNEVALE AND CAROLE DALE,

                                 Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

                                 Defendants.

----------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

08 CV 9993 (DAB)(AJP)

**WHEREAS**, plaintiffs have sought certain information and documents from defendants in this action;

**WHEREAS**, defendants The City of New York, Robert Corcoran and Jessica Torres ("defendants") deem this information and these documents confidential, private, and subject to an official information privilege and/or other applicable privileges;

**WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiffs and defendants as follows:

1.    As used herein, without waiving any objections defendants might seek to interpose regarding production of these documents, "Confidential Materials" shall mean:

(A) Performance evaluations of defendant Corcoran and Torres;

(B) Disciplinary information or records for defendants Corcoran and Torres, including Civil Complaint Review Board ("CCRB") and NYPD Internal Affairs Bureau ("IAB") records; and

(C) the names, addresses and other personal information of non-party individuals/witnesses who have been identified and/or disclosed by one or more of the parties to this action.

2. The information and documents as defined in paragraph 1 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by plaintiffs from sources other than defendants or (b) are otherwise publicly available.

3. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to plaintiffs' counsel. The defendants shall have a reasonable time to inspect and designate as Confidential Materials documents sought or obtained from third parties.

4. The defendants reserve the right to designate any document as Confidential Materials if necessary after production of such documents to the plaintiffs.

5. If plaintiffs object to the designation of particular documents as Confidential Materials, plaintiffs shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within ten (10) days of receiving defendants' response to plaintiffs' objections, plaintiffs shall seek judicial intervention.

6. Plaintiffs' attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiffs' case in this action.

7. Plaintiffs' attorney shall not disclose Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiffs' case in this action.

    b. Disclosure before trial may be made only to the plaintiffs, to an expert who has been retained or specially employed by plaintiffs' attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above, other than to the Court, plaintiffs' attorney shall provide each such person with a copy of this Stipulation and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

8. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

9. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

## **CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

*A REDACTED COPY SHALL BE PUBLICLY FILED w. THE CLERK OF COURT*

10. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed (except as to privileged material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

11. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
August 14, 2009

Wylie M. Stecklow
*Attorneys for Plaintiffs*
10 Spring Street, Suite 1
New York, NY 10012
(212) 566-8000

By: _____
    Wylie M. Stecklow

SO ORDERED: [8/24/09]

_____
ANDREW J. PECK, U.S.M.J.
HON. ANDREW J. PECK
Draft for WMS - 8/14/09
United States Magistrate Judge
Southern District of New York

*Copies faxed to all counsel*
*[illegible notation]*

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for defendants*
NYC, CORCORAN AND TORRES
100 Church Street, Rm. 3-162
New York, New York 10007
(212) 788-9391
bmyrvold@law.nyc.gov

By: _____
    Barry Myrvold

12. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

BY FAX

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation and Protective Order dated August 14, 2009, entered into the action entitled _Robert Carnevale, et al. v. The City of New York, et al._ 08 CV 9993 (DAB)(AJP), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____        Signature: _____

                             Print Name: _____

                             Occupation: _____